IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| XTRA Lease LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:14-cv-01866 |
| v. | ) | |
| | ) | |
| EJ Madison, LLC, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| E.L. Hollingsworth & Co., | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

**DEFENDANT E.L. HOLLINGSWORTH & CO.'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER
VENUE, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

Defendant E.L. Hollingsworth & Co., pursuant to Federal Rule of Civil Procedure 12(b)(3), moves this Court for an order dismissing this case for improper venue. In the alternative, Hollingsworth respectfully seeks an order transferring this case to the United State District Court for the Western District of Texas, El Paso Division, pursuant to 28 U.S.C. § 1404.

## FACTUAL BACKGROUND

**THE PARTIES**

Plaintiff, XTRA Lease LLC ("XTRA") is in the business of renting and leasing semi-trailers to its customers, who are often trucking companies. XTRA is, and was at the time this action was filed, a Delaware limited liability company with its principal place of business in Saint Louis County, Missouri. The sole member of XTRA Lease LLC is XTRA Companies, Inc., a Delaware Corporation with its principal place of business in St. Louis, Missouri, and therefore, XTRA Lease LLC is a citizen of Missouri for purposes of diversity jurisdiction. (Doc. 1, pp. 3-4).

Defendant EJ Madison, LLC ("Madison") is a trucking transportation and logistics company that entered into several lease agreements to rent semi-trailers from XTRA. Madison is, and was at the time this action was filed, a Texas limited liability company with its principal place of business in El Paso, Texas. There are three members of EJ Madison, LLC: (1) Gene Garcia, citizen of Texas; (2) UN2JC Capital Group, citizen of Texas; and (3) West Texas Developkektr [sic], citizen of Indiana, and therefore, EJ Madison, LLC is a citizen of Texas and Indiana for purposes of diversity jurisdiction. (Doc. 1, p. 4).

Defendant E.L. Hollingsworth & Co. ("Hollingsworth") is a trucking transportation and logistics company. Hollingsworth is, and was at the time this action was filed, a Michigan corporation with its principal place of business in Michigan. Therefore, Hollingsworth is a citizen of Michigan for purposes of diversity jurisdiction. (Doc. 1, p. 4).

**THE AGREEMENTS**

XTRA entered into rental agreements with Madison for at least eighteen semi-trailers to be used in Madison's trucking operation based in El Paso, Texas. (Doc. 6-2). Indeed, each rental agreement specifically indicated that the leased trailers would be garaged/stored at Madison's

facility in El Paso, Texas. (Doc. 6-4; Doc. 6-5). According to XTRA's state-court petition, Madison breached its agreements by failing to pay amounts as they became due. (Doc. 4, pp. 2-3). At that time, XTRA demanded immediate possession of the leased trailers. (Doc. 4, p. 4).

Hollingsworth, however, has not entered into any contract with XTRA relating to the trailers involved in this litigation. Although XTRA never contracted with Hollingsworth, XTRA has brought Hollingsworth into this lawsuit by alleging that Hollingsworth possessed and used the trailers leased to Madison after Hollingsworth allegedly purchased Madison in the summer of 2014. (Doc. 4, p. 3). Regardless of the merits of XTRA's claims, these alleged actions all would have occurred in or around Madison's facility in El Paso, Texas.

THE LITIGATION

On September 25, 2014, XTRA filed a petition in St. Louis County against Madison and Hollingsworth asserting multiple counts, including: breach of contract, action on account, conversion, unjust enrichment, tortious interference, and an injunction for immediate position of the trailers. (Doc. 4). Additionally, on September 29, 2014, the state court granted XTRA's motion for a temporary restraining order regarding the trailers, and XTRA subsequently filed a motion for sanctions against Madison and Hollingsworth. (Doc. 7; Doc. 8). Between the time XTRA filed its state-court petition and October 8, 2014, however, Hollingsworth and Madison coordinated with XTRA to secure the return of the trailers at issue. These actions took place in or around Madison's facility in El Paso, Texas.

On November 4, 2014, Hollingsworth removed the state-court action to this Court pursuant to § 1441. Hollingsworth satisfied the procedural requirements for removal, and this Court has original diversity jurisdiction over this action pursuant to § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive

of interest and costs. (Doc. 1). For the reasons stated below, however, venue is improper in this District as to Hollingsworth, and Hollingsworth requests this case be dismissed under § 1406(a), or, in the alternative, transferred to the Western District of Texas, pursuant to § 1404(a).

## ARGUMENT

### I.   VENUE IS NOT PROPER IN THIS DISTRICT

Because the defendants in the case are not residents of the same state, proper venue in this case turns on Section 1391(b)(2), whereby venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated". 28 U.S.C. § 1391(b)(2) (2012). As the Eighth Circuit recently confirmed, in deciding whether a substantial part of the events or omissions giving rise to a plaintiff's claims occurred in a district, the district court must focus on where a *defendant's* alleged wrongful activity occurred. *See Steen v. Murray*, 2014 WL 5334688, at *3 (8th Cir. Oct. 21, 2014). Specifically, the court instructed that the district court's "focus must be on relevant activities of the defendant in the forum state, not on the effect of those activities on the plaintiff in the forum state." *Id.*

In *Steen*, the plaintiff was a resident of Iowa and had entered into an attorney-client relationship with Nebraska attorneys after a lender threatened to foreclose on plaintiff's farm in Iowa. *Id.* at *1. After failing to disclose a conflict of interest, plaintiff filed an attorney malpractice action against the Nebraska attorneys, which eventually ended up in the Southern District of Iowa. *Id.* The Eighth Circuit, however, concluded that the Southern District of Iowa was an improper venue because the specific activities of the defendants that were allegedly wrongful occurred exclusively in Nebraska. *Id.* at *5.  In reaching its conclusion, the court rejected plaintiff's arguments that but-for entering into an attorney-client relationship with Iowa residents, the claim would not have arisen, and therefore, venue was proper in Iowa. *Id.* As the

4

court explained, "an event does not 'give rise to the claim' simply because the alleged wrongful conduct would have been impossible without the event." *Id.* (citing *Woodke v. Dahm*, 70 F.3d 983, 985-86 (8th Cir. 1995) (rejecting the argument that venue is proper in plaintiff's home district simply because a defendant's wrongful conduct may have caused effects there)).

When applying a similarly narrow focus limited to the alleged wrongful activity of Madison and Hollingsworth in this case, the Eastern District of Missouri is an improper venue, and the Western District of Texas is the proper venue. For example, the claims against Hollingsworth are based on the theory that Hollingsworth possessed and used the trailers initially leased to Madison, which, according to the rental agreements, were stored and operated from Madison's facility in El Paso, Texas. (Doc. 6-4; Doc. 6-5). As a result, Hollingsworth's allegedly wrongful activity would similarly have had to occur in or around El Paso, Texas. Within XTRA's numerous state-court filings before this case was removed, there is no indication of alleged wrongful activities of either Madison or Hollingsworth that could constitute a basis for concluding that a "substantial part of the events or omissions giving rise to the claim" occurred in this District.[1] Rather, all indications are that such allegedly wrongful activities XTRA has pointed to must have necessarily occurred in Texas.

Venue is additionally improper in this District because a "substantial part of property that is the subject of the action" was situated in or around El Paso, Texas when XTRA's state-court petition was filed, and there is no indication that the disputed property was located in Missouri. At the root of each of XTRA's claims against Hollingsworth is the possession of certain trailers

---

[1] In anticipation of XTRA asserting that venue is proper in this District because Hollingsworth has a terminal located in Saint Louis County, Hollingsworth notes that XTRA has not identified any allegedly wrongful activity that took place at that terminal. *See Woodke v. Dahm*, 70 F.3d 983, 985-86 (8th Cir. 1995) (noting that although defendant manufactured trailers in the Northern District of Iowa, which were eventually related to plaintiff's injury "in a causal sense" because the injury was caused by an advertisement for the trailers, venue was not proper in that district because the manufacturing "was not itself wrongful").

that were leased from XTRA to Madison. According to the rental agreements for that equipment, the trailers were garaged/stored at Madison's facility in El Paso, Texas. (Doc. 6-4; Doc. 6-5). In fact, Raul Gonzalez, the Regional Credit Manager of XTRA, stated in an Affidavit that "XTRA Lease believes that some or all of the Equipment is located in El Paso, Texas." (Doc. 6-1 (Affidavit of Raul Gonzalez of XTRA Lease LLC), p. 4). Therefore, there is no indication the trailers at issue in this case were situated in Missouri; indeed, as XTRA itself indicated, a substantial part of the property that is the subject of this action was situated in El Paso, Texas.

Therefore, even if Hollingsworth and Madison's alleged actions may have affected XTRA in Missouri, venue is improper in this District because there is insufficient wrongful activity occurring in this District that is attributable to either Madison or Hollingsworth and could constitute a "substantial part of the events or omissions giving rise to the claim." Accordingly, pursuant to 28 U.S.C. § 1406(a), this Court should dismiss this case or transfer it to a District in which it could have been brought—*i.e.*, the Western District of Texas, El Paso Division.

## II.  EVEN IF VENUE IS PROPER IN THIS DISTRICT, THE COURT SHOULD TRANSFER TO THE WESTERN DISTRICT OF TEXAS AS IT IS THE MOST CONVENIENT FORUM

If this Court determines venue is proper in this District, the Court should nevertheless transfer this case to the Western District of Texas as it is the most convenient forum for the case to be litigated. Section 1404(a) provides, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). With any § 1404(a) analysis, the threshold inquiry is whether a case "might have been brought" in the proposed transferee district. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

6

Because there is no contract between XTRA and Hollingsworth, this is the "typical case" recently identified by the Supreme Court, whereby district courts "must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013). In these cases, as the Supreme Court instructed, a district court should "weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Id.* (quoting 28 U.S.C. § 1404(a)).

Relying on precedent, the Supreme Court described the "private interests" district courts should consider as including the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 581, n. 6 (quoting *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241, n. 6 (1981)). Additionally, when analyzing "[p]ublic-interest factors", district courts should consider "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* (citation and internal quotation marks omitted). Finally, the Supreme Court noted that district courts need only give "some weight" to plaintiff's initial forum choice. *Id.* (citation omitted).

### 1.   Plaintiff's Case Could Have Been Brought in the Western District of Texas

The Western District of Texas satisfies the threshold inquiry of the § 1404(a) analysis, *i.e.*, whether it is a district where the initial action "might have been brought", because it has subject matter jurisdiction as the parties are completely diverse, and is an otherwise proper venue because more than a substantial part of the events giving rise to these claims occurred in El Paso,

Texas and the trailers at issue were stored in El Paso, Texas. *See Am. Standard, Inc. v. Bendix Corp.*, 487 F. Supp. 254, 261 (W.D. Mo. 1980). In *American Standard*, the court held that a district qualifies as one where the action "might have been brought" if, when the action began: "(a) the proposed transferee district court would have had subject matter jurisdiction over the action, (b) venue would have been proper there, and (c) the defendant would have been amenable to process issuing out of the transferee district court." *Id.* The Western District of Texas qualifies as a district where this action "might have been brought" for the following reasons:

*First*, the Western District of Texas would have had subject matter jurisdiction over this action if it had been initially brought there because there is complete diversity between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. As explained in Hollingsworth's Notice of Removal to this Court, for purposes of diversity, XTRA is a citizen of Missouri, Madison is a citizen of Texas, and Hollingsworth is a citizen of Michigan. (Doc. 1, pp. 3-4). Additionally, on the face of XTRA's state-court petition, XTRA's request for more than $72,634.01 in compensatory damages plus the additional amounts sought in the forms of injunctive relief, attorney's fees, and punitive damages on multiple claims, satisfies the amount-in-controversy threshold. (Doc. 1, pp. 5-6). Therefore, just as this Court has diversity jurisdiction over this matter, so too does the Western District of Texas.

*Second*, as explained in the preceding section, venue would have been proper in the Western District of Texas when XTRA's state-court petition was filed not only because a substantial part of the events giving rise to XTRA's claims occurred in El Paso, Texas, but also because the trailers at issue were stored in El Paso, Texas. *See* 28 U.S.C. § 1391(b)(2).

*Third*, there is no indication that either Madison or Hollingsworth would not have been amenable to process issuing out of the Western District of Texas. Therefore, even if

Hollingsworth and Madison's alleged actions may have affected XTRA in Missouri, venue is proper in the Western District of Texas because the wrongful activities that XTRA attributes to both Madison and Hollingsworth occurred in Texas. Accordingly, the Western District of Texas qualifies as a district where the initial action "might have been brought" under § 1404(a).

### 2.   The Private-Interest Considerations Support a Venue Transfer

As the Supreme Court instructed, the private interests of the parties, including common factors of convenience, should be weighed against the public-interest factors to determine whether a case should be transferred pursuant to § 1404(a). *See Atlantic Marine* 134 S. Ct. at 581. According to guidance from both the Supreme Court and the Eighth Circuit, there are three general categories of private-interest considerations—all of which suggest the Western District of Texas is the most convenient venue.

THE CONVENIENCE OF THE WITNESSES

As has long been recognized, the convenience of witnesses is the "most important factor in passing on a motion to transfer." *Am. Standard, Inc. v. Bendix Corp.*, 487 F. Supp. 254, 261 (W.D. Mo. 1980). The Eighth Circuit has interpreted this to include "the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997); *see also Atlantic Marine*, 134 S. Ct. at 581, n. 6 (explaining that this factor looks to the "availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses") (citation omitted).

Here, because this litigation is at such an early juncture, it is unclear precisely who will be key witnesses and what their testimony would be; however, many of the key witnesses will presumably be representatives and employees of Madison and Hollingsworth. Because Madison's principal place of business is in El Paso, Texas, the Western District of Texas is

certainly the most convenient forum for witnesses related to Madison. Further, although Hollingsworth predicts its own representatives and employees may be important witnesses in this case, because Hollingsworth's principal place of business is in Michigan, there is little difference in terms of convenience between the Eastern District of Missouri or the Western District of Texas.

Hollingsworth can further predict that the most relevant witnesses to these particular claims would include the representatives of Madison who managed the trailers leased from XTRA, and particularly, those non-party witnesses with knowledge of the status of the trailers after XTRA demanded possession, who are more likely to be closer to El Paso, Texas than St. Louis, Missouri. In the interest of securing the testimony of those potential witnesses, the Western District of Texas is the most convenient forum for potential witnesses.

THE CONVENIENCE OF THE PARTIES

As there are no individual plaintiffs or defendants in this action and each defendant is a solvent corporation, the convenience of the parties is a factor which is neutral at best. Regardless of whether this case is litigated in the Eastern District of Missouri, Western District of Texas, or the Eastern District of Michigan, two of the parties will be inconvenienced while one will not. Moreover, while the Supreme Court has noted that district courts need only give "some weight" to plaintiff's initial forum choice, *see Atlantic Marine*, 134 S. Ct. at 581, n. 6, that "choice" should be given even less weight in this situation because this Court was not XTRA's initial forum choice, as it was Hollingsworth's removal that has brought this case before the Court. Particularly in light of this Court's weak connection to the circumstances giving rise to XTRA's claims, the convenience of the parties should be outweighed by the other private interests indicting that the Western District of Texas is the most convenient forum.

**THE ACCESSIBILITY TO RECORDS AND DOCUMENTS**

Although Hollingsworth recognizes that in the age of electronic filing, the accessibility to records and documents plays a lesser role, the Eighth Circuit has found that the physical location of records and documents is still highly relevant. *See In re Apple, Inc.*, 602 F.3d 909, 914 (8th Cir. 2010) (finding that "[w]hile electronic filing may lessen the inconvenience of document handling, if the need arises to refer to original documents or evidence in the litigation, Northern California would prove more convenient"). Here, XTRA's claims largely relate to how Madison handled the trailers leased from XTRA after XTRA relinquished possession over those trailers. As a result, nearly all of the relevant documents and records would be maintained by Madison, which would presumably be located in El Paso, Texas—the location of their principal place of business. There is no indication that the majority of the most relevant documents and records are located in Missouri. Accordingly, the Western District of Texas is the most convenient forum with respect to the need to refer to original documents or evidence.

### 3.   The Public-Interest Factors Support a Venue Transfer

In addition to the private-interest considerations that support transferring this case to the Western District of Texas, the public-interest factors also suggest that it is in the interest of justice to transfer this case.

**THE LOCAL INTEREST IN HAVING LOCALIZED CONTROVERSIES DECIDED AT HOME**

The Eighth Circuit has recognized that the location where the conduct complained of occurred is an important factor in deciding whether to transfer a case. *See Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997). The Supreme Court further explained that this factor addresses the importance in "having localized controversies decided at home." *See Atlantic Marine* 134 S. Ct. at 581, n. 6.

This case involves issues concerning the use and possession of trailers that were stored at Madison's facility in El Paso, Texas, in addition to breach of contract claims concerning Madison's performance of its lease agreement with XTRA. As has been previously addressed, barring XTRA's principal place of business being located in St. Louis, Missouri, every important event underlying XTRA's claims occurred in or around Madison's Texas facility, and therefore, Texas is the location where the conduct complained of occurred. As a result, the Western District of Texas, and not this Court, has a true local interest in having its localized controversy decided in its court.

APPLICATION OF SUBSTANTIVE LAW

In diversity of citizenship cases, the Supreme Court has recognized that "[a] change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms." *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964). Additionally, when a case either involves basic or well-established issues of state law, rather than complex or unsettled issues, or involves issues where the law of the different states is not substantially different, this factor is given significantly less weight. *See* 15 Wright, Miller & Cooper, Fed. Prac. & Proc. Juris. § 3854 (4th ed.).

This case does not present any complex or unsettled issues of state law that would suggest one federal judge would be more capable than another in addressing these issues. Indeed, this case presents relatively basic issues of contract and tort law that are unlikely to defy the comprehension of a federal judge sitting in the Western District of Texas. Truly, this is a case that presents nothing more than the "change of courtrooms" Section 1404(a) was designed to permit.

### III. BECAUSE HOLLINGSWORTH DID NOT AGREE TO A FORUM SELECTION CLAUSE, IT DID NOT FORESEE BEING BOUND TO SUCH A CLAUSE BETWEEN MADISON AND XTRA AND SHOULD NOT BE BOUND

A non-signatory defendant is only bound by another defendant's forum selection clause in limited circumstances, which do not apply to Hollingsworth in this case. It is undisputed in this case that Hollingsworth and XTRA did not enter into any contract that included a forum-selection clause with respect to the ten trailers at issue in this case. While Hollingsworth anticipates XTRA will contend that because its contract with Madison contained a forum-selection clause, Hollingsworth is somehow bound to that clause as well, the law is clear that a non-signatory defendant is only bound to such a clause when it is foreseeable to the non-signatory defendant that it will be bound. *Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 757-58 (8th Cir. 2001); *see also U.S., ex rel. Lighting & Power Servs., Inc. v. Interface Const. Corp.*, No. 4:07 CV 1144 DDN, 2007 WL 2710030, at *6 (E.D. Mo. Sept. 11, 2007).

As the court in *Interface* recognized, determining "[w]hat it means to be 'closely related,' or 'foreseeable' is not self-evident", so to alleviate the confusion, the court identified "general rules" distilled from cases within the Eighth Circuit to use as guidance for determining when a non-signatory could be bound by another's forum selection clause. *Interface*, 2007 WL 2710030, at *6. The categories include: (1) "a voluntary plaintiff" who brings suit under the agreement containing the forum selection clause, who is then bound by that clause; (2) a parent corporation which is bound to its subsidiary's forum selection clause; and (3) an agent of a corporation—*e.g.*, a founder or a president—who is bound by the forum selection clause governing the corporation. *Id.* (citations omitted); *see also Hernandez v. Texas Capital Bank, N.A.*, 2008 WL 342758, at *3 (W.D. Mo. Feb. 5, 2008) (recognizing that "cases applying the closely related test have almost exclusively involved suits brought by plaintiffs who are bound by a clearly common interest-

13

such as a corporation and its subsidiary, spouses, and closely affiliated companies") (citations and internal quotation marks omitted).

Unlike each of the non-signatories in the examples above, Hollingsworth does not fit into any defined category which would bind it to Madison's forum selection clause. Indeed, Hollingsworth is an unwilling defendant as opposed to a voluntary plaintiff in this case, who is not seeking to rely on the agreement containing the forum selection clause. Additionally, Hollingsworth and Madison are separate entities with no overlap in corporate ownership or structure. As a result, under the Eighth Circuit's guidance and "general rules", Hollingsworth was not closely related enough to this dispute to make it foreseeable that Hollingsworth would be bound by the forum selection clause in the agreement between XTRA and Madison.

## CONCLUSION

Every meaningful action that XTRA now claims constitutes a breach of contract, conversion, *et cetera*, occurred in or around Madison's facility in El Paso, Texas. This is where the alleged breaches of contract occurred, as well as the alleged conversion and unlawful possession of XTRA's trailers occurred. In fact, this Court's only connection to this dispute and the parties involved is that XTRA's principal place of business is located in St. Louis, Missouri. Thus, venue is improper under § 1391(b) because there is no indication that a substantial part of the events giving rise to XTRA's claims occurred in this District. Accordingly, pursuant to 28 U.S.C. § 1406(a), this Court should dismiss this case or transfer it to the Western District of Texas.

Alternatively, if this Court finds venue is proper, a transfer to the Western District of Texas is warranted under § 1404(a) because it is the most convenient forum when the public and private interests are considered, and the interests of justice would be served by such a transfer.

14

Respectfully Submitted,

HeplerBroom LLC

By: */s/  Michael Reda*
MICHAEL REDA                                              #33591
MREDA@heplerbroom.com
211 North Broadway, Suite 2700
St. Louis, MO  63102
314/241-6160
314/241-6116 – Facsimile
*Attorney for Defendant E.L. Hollingsworth & Co.*

## PROOF OF SERVICE

I hereby certify that I electronically filed on this 11th day of NOVEMBER , 2014, the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Christopher Lawhorn
Christopher Kellett
Lauren Wacker
Laura Bailey Brown
Carmody MacDonald PC
120 S. Central Avenue, Suite 1800
St. Louis, MO 63105
T:       314 854 8600
F:       314 854 8660
cjl@carmodymacdonald.com; cpk@carmodymacdonald.com; lnw@carmodymacdonald.com;
lbb@carmodymacdonald.com
*Attorneys for Plaintiff*

By: */s/Michael Reda*