IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| XTRA Lease LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.    4:14-CV-01866 |
| | ) | |
| EJ Madison, LLC, *et al*. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF XTRA LEASE LLC'S MOTION TO REMAND AND TO STAY ALL PROCEEDINGS, INCLUDING E.L. HOLLINGSWORTH & CO.'S MOTION TO DISMISS PENDING RESOLUTION OF THE MOTION TO REMAND**

COMES NOW Plaintiff XTRA Lease LLC ("XTRA Lease"), by and through its undersigned counsel, pursuant to 28 U.S.C. § 1447, and for its Motion to Remand and to Stay All Proceedings, Including E.L. Hollingsworth & Co.'s Motion to Dismiss Pending Resolution of the Motion to Remand (the "Motion"), states as follows:

1. XTRA Lease rents and leases trailers to various companies.

2. In this case, XTRA Lease entered into Equipment Rental Agreements and Equipment Lease Agreements (the "Agreements") with Defendant EJ Madison, LLC ("EJ Madison").

3. XTRA Lease received reports that E.L. Hollingsworth, another trucking company, had acquired EJ Madison's trucking business. As part of that acquisition, E.L. Hollingsworth used the trailers XTRA Lease had rented or leased to EJ Madison without written permission from XTRA Lease or any other legal right to do so.

4. On September 25, 2014, XTRA Lease filed its seven-count Petition against EJ Madison and E.L. Hollingsworth (collectively "Defendants") in St. Louis County Circuit Court.

5. The Petition sought the immediate return of all of XTRA Lease's trailers, and asserted claims against E.L. Hollingsworth for Conversion, Tortious Interference, and Unjust Enrichment. XTRA Lease's Petition also included claims against EJ Madison for its failure to pay amounts due and owing under the Agreements.

6. Along with its Petition, XTRA Lease filed a Motion for Temporary Restraining Order to recover its trailers, which the Court granted (the "TRO"). Following Defendants' failure to return the trailers and to comply with the TRO, XTRA Lease filed, among other things, its Motion for Sanctions against Defendants.

7. On November 4, 2014, E.L. Hollingsworth removed this case to Federal Court. However, this case should be remanded back to St. Louis County Circuit Court for at least three reasons.

8. First, incorporated into each of the Agreements are XTRA Lease's Standard Terms and Conditions. Among other things, these Standard Terms and Conditions contain a forum selection clause naming the Circuit Court of St. Louis County as the proper forum for any dispute arising out of the Agreements. Both XTRA Lease and EJ Madison agreed to "waive, to the fullest extent permitted by law, any objection to that venue for any action arising out of or related to the [Agreements]."

9. XTRA Lease's Petition alleges that E.L. Hollingsworth was assigned EJ Madison's rights under the Agreements as part of its acquisition, albeit without permission as required by the Agreements. For purposes of this motion, the Court must accept this allegation as true. By the plain terms of the Agreements, E.L. Hollingsworth (as assignee) is bound by all the terms of the Agreements, which would include the forum selection clause.

10. Second, even in the absence of such language in the Agreements, by virtue of this purported assignment, E.L. Hollingsworth became so closely related to the dispute between EJ Madison and XTRA Lease that it was foreseeable that E.L. Hollingsworth would be bound by the forum selection clause.

11. Third, the Petition alleges that E.L. Hollingsworth tortiously interfered with the Agreements. Specifically, E.L. Hollingsworth did not have permission or authority to take or use the trailers from EJ Madison, and doing so tortiously interfered with the Agreements. Having tortiously interfered with the Agreements, E.L. Hollingsworth is bound by the forum selection clause contained within them, even though it was not a party to the Agreements.

12. Finally, E.L. Hollingsworth filed a Motion to Dismiss for Improper Venue, or, In the Alternative, Motion to Transfer Venue (the "Venue Motion"). Because the granting of this Motion would render the Venue Motion moot, the Court should also stay consideration of and briefing on the Venue Motion until XTRA Lease's Motion is resolved. Should the Court be disinclined to order such a stay, XTRA Lease respectfully requests seven (7) days from the date of the Court's Order in which to respond to the Venue Motion, consistent with the local rules.

WHEREFORE, for all of the foregoing reasons and those stated in XTRA Lease's Memorandum of Law in Support of the Motion, which is incorporated by reference herein, XTRA Lease respectfully requests that the Court; (a) grant its Motion to Remand, (b) stay all other proceedings in this case – particularly the briefing and consideration of E.L. Hollingsworth's Venue Motion, (c) order Defendant E.L. Hollingsworth to pay XTRA Lease's attorneys' fees and costs incurred in connection with these proceedings, and (d) award such other and further relief as the Court deems just and proper.

November 18, 2014                    Respectfully submitted,

 

                                                 CARMODY MacDONALD P.C.

By:   /s/ Christopher J. Lawhorn
        Christopher J. Lawhorn, #45713MO
        Christopher P. Kellett #64655MO
        Lauren M. Wacker #62087MO
        Laura Bailey Brown #62732MO
        120 South Central Avenue, Suite 1800
        St. Louis, MO 63105
        Telephone (314) 854-8600
        Facsimile (314) 854-8660
        cjl@carmodymacdonald.com
        cpk@carmodymacdonald.com
        lnw@carmodymacdonald.com
        lbb@carmodymacdonald.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 18th day of November, 2014, the foregoing was filed electronically with the Clerk of the Court, to be served by operation of the Court's CM/ECF system upon all attorneys of record.

                                                 /s/ Christopher J. Lawhorn