IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| XTRA Lease LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No.   4:14-CV-01866 |
| EJ Madison, LLC, *et al.* | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF XTRA LEASE LLC'S
MOTION TO REMAND AND TO STAY ALL PROCEEDINGS, INCLUDING
E.L. HOLLINGSWORTH & CO.'S MOTION TO
<u>DISMISS PENDING RESOLUTION OF THE MOTION TO REMAND</u>**

Plaintiff XTRA Lease LLC hereby submits its Memorandum Of Law In Support Of Plaintiff XTRA Lease LLC'S Motion To Remand And To Stay All Proceedings, Including E.L. Hollingsworth & Co.'s Motion To Dismiss Pending Resolution Of The Motion To Remand (the "Motion to Remand"), and states as follows in support thereof.

This case arises from E.L. Hollingsworth and EJ Madison's refusal to return XTRA Lease's trailers when they were obligated to do so and subsequent or related causes of action.[1] E.L. Hollingsworth has sought to remove the case to this Court. However, in so doing E.L. Hollingsworth ignores the forum selection clause applicable to both Defendants, which unambiguously states that St. Louis County Circuit Court is the proper venue for all actions arising out of the agreement and each party "waive[s], to the fullest extent permitted by law, any objection to that venue...." This Court has previously ruled in an unrelated case that this exact

---

[1] Unless otherwise noted, XTRA Lease uses the same definitions of terms found in its Motion to Remand and To Stay All Proceedings, Including E.L. Hollingsworth & Co.'s Motion to Dismiss Pending Resolution of the Motion to Remand.

forum selection clause is enforceable and plainly precludes a party from objecting to venue by removing a case to federal court once the suit is brought in a Missouri state court.

EJ Madison is bound by this forum selection clause because it signed the Rental and Lease Agreements, including the XTRA Lease Standard Terms and Conditions (the "Agreements"[2]) containing the forum selection clause. Though not a signatory to the Agreements, E.L. Hollingsworth is nevertheless bound by the forum selection clause and remand is necessary for at least three reasons. *First*, E.L. Hollingsworth accepted an assignment of the Agreements, which pursuant to the unambiguous language of the Agreements, bound it to the forum selection clause. *Second*, even if such an assignment was void or improper, E.L. Hollingsworth will be bound by the forum selection clause because E.L. Hollingsworth was so closely related to the dispute between XTRA Lease and EJ Madison by virtue of this purported assignment, that it was foreseeable that it would be bound by the forum selection clause. *Finally*, E.L. Hollingsworth will be bound by the forum selection clause because it tortiously interfered with the Agreements, which contain the forum selection clause. For each of these reasons, and those that follow, XTRA Lease respectfully requests this Court to grant its Motion to Remand.

## FACTUAL BACKGROUND

A.   Background And Relationship Of The Parties.

XTRA Lease rents and leases trailers to various companies. XTRA Lease's principal place of business is in St. Louis County Missouri. XTRA Lease and EJ Madison are parties to at least one Lease Agreement and one Rental Agreement. Both Agreements include and incorporate XTRA Lease's Standard Terms and Conditions (including the Lease and Rental

---

[2] The term "Agreements" also includes all schedules, attachments, amendments, and supplements.

Agreements, all schedules, attachments, amendments and supplements, the "Agreements"). Among other things, the Agreements contain three provisions particularly relevant here.

***First***, the Standard Terms and Conditions provide that, among other things, any right or interest in the Equipment may not be assigned without the prior written consent of XTRA Lease. "**Lessee** shall not assign or sublease any right or interest in the Equipment, any Lease or any agreement that results therefrom, without the prior written consent of **XTRA Lease**." Standard Terms and Conditions, § 19.

***Second***, the Standard Terms and Conditions define a sale or merger of EJ Madison's business as an assignment requiring prior written consent. "For purposes of this Section 19, an assignment shall be deemed to have occurred if there has been a change in the control of **Lessee** or **Lessee's** business, whether by merger, consolidation or reorganization, the sale of a majority of the ownership of **Lessee** or **Lessee's** ultimate parent, or a sale, assignment or other transfer of all or substantially all of **Lessee's** assets." *Id.*

***Third***, the Agreements make clear that EJ Madison consented to venue in the Circuit Court for St. Louis County for any dispute arising out of the Agreements. EJ Madison "submit[s] to the jurisdiction of the Circuit Court of St. Louis County, Missouri for purposes of adjudicating any action arising out of or related to the Lease." *Id.* at § 31. EJ Madison further "waive[s], to the fullest extent permitted by law, any objection to that venue for any action arising out of or related to the Lease." *Id.* Finally, EJ Madison agreed that "[a]ny action arising out of the Lease may be properly filed in the Circuit Court of St. Louis County, Missouri…" *Id.*

B.  EJ Madison Is Acquired By E.L. Hollingsworth.

XTRA received information that E.L. Hollingsworth purchased EJ Madison without any notice to XTRA Lease, much less without XTRA Lease's consent. XTRA Lease also received

3

information that E.L. Hollingsworth was using the trailers that XTRA Lease had rented or leased to EJ Madison in violation of the terms of the Agreements.

    C.    <u>XTRA Lease Files Suit In St. Louis County To Recover Its Trailers.</u>

On September 25, 2014, XTRA Lease filed its seven-count Petition against EJ Madison and E.L. Hollingsworth in St. Louis County Circuit Court. Among other things, XTRA Lease alleged that E.L. Hollingsworth had wrongfully converted the trailers for its own use and had tortiously interfered with the Agreements by inducing EJ Madison to assign the right to use the trailers to E.L. Hollingsworth in violation of the terms of the Agreements.

The following day, September 26, 2014, XTRA Lease filed a Motion for a Temporary Restraining Order seeking the immediate return of all of its trailers from Defendants. At the time there were approximately eighteen trailers outstanding. XTRA Lease's right to such relief is explicitly stated in the Agreements. XTRA Lease sent copies of the Motion for a Temporary Restraining Order and a Notice of Hearing on that motion to the registered agents for both E.L. Hollingsworth and EJ Madison by FedEx overnight delivery, by U.S. Mail, and by facsimile.[3]

Three days later, the Court granted XTRA Lease's Motion for a Temporary Restraining Order and ordered Defendants to return the trailers within the next two days, which would have been by October 1. The Court also enjoined Defendants from using, operating, and/or moving the trailers except to the extent necessary to return them. Defendants failed to return the trailers by October 1 as ordered by the Court. Accordingly, XTRA Lease filed a Motion for Sanctions. Ultimately, the hearing was continued until October 6.

---

[3] XTRA Lease served copies of all subsequent pleadings and orders in a similar fashion on the registered agents for both Defendants.

Over a month after XTRA Lease filed its Petition, summons were finally issued on October 29, 2014. On November 4, 2014, approximately six weeks after XTRA Lease filed its Petition, E.L. Hollingsworth filed a notice of removal on November 4, 2014.

## STANDARD

The jurisdiction of lower federal courts, both original and removal, is entirely a creature of statute. *Carroll v. Gold Medal of Tennessee, Inc.*, 869 F. Supp. 745, 746 (E.D. Mo. 1994). The statutory requirements for removal are strictly construed. *See Int'l Ass'n of Entrepreneurs of Am. v. Angoff*, 58 F.3d 1266, 1270 (8th Cir. 1995). It is E.L. Hollingsworth's burden to prove that removal is proper and that all prerequisites have been satisfied. *See Williams v. Safeco Ins. Co. of Am.*, 74 F. Supp.2d 925, 928 (W.D. Mo. 1999). The Court must assume as true all factual allegations contained in the Petition. *See Keenan v. Unum Provident Corp.*, 252 F. Supp.2d 163, 166 (E.D. Pa. 2003). Any doubt as to the propriety of removal is resolved in favor of remand. *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014); *Hennely v. Broadfield*, No. 14-1297, 2014 WL 5754521, at *1 (E.D. Mo. Nov. 5, 2014). Any technical defect in the removal procedure requires remand. *Williams*, 74 F. Supp.2d at 928.

## ARGUMENT

Remand is required in this case because of the forum selection clause contained in the Agreements. Parties may contractually agree to waive the right to remove a case to federal court. *XTRA Lease LLC v. Century Carriers, Inc.*, No. 09-2041, 2010 WL 431787, at *1 (E.D. Mo. Feb. 2, 2010). This is true even if subject matter jurisdiction exists and there has been no "defect" in removal under 28 U.S.C. § 1447(c). *See Medtronic, Inc. v. Endologix, Inc.*, 530 F.Supp.2d 1054, 1056 n.1 (D. Minn. 2008). As mentioned above, ***this Court has already ruled in a different case that the exact forum selection clause in the Agreements is enforceable and***

*plainly precludes a party from objecting to venue by removing a case to federal court once the suit is brought in a Missouri state court.* *XTRA Lease*, 2010 WL 431787, at *1.

E.L. Hollingsworth is bound by this forum selection clause and this case should be remanded consistent with the Agreements for at least three reasons:

- *First*, E.L. Hollingsworth took an assignment of the Agreements from EJ Madison and is bound by the forum selection clause.

- *Second*, even if such an assignment was void or improper, E.L. Hollingsworth is bound by the forum selection clause because E.L. Hollingsworth was so closely related to the dispute between XTRA Lease and EJ Madison by virtue of this purported assignment, that it was foreseeable that it would be bound by the forum selection clause.

- *Finally*, E.L. Hollingsworth is bound by the forum selection clause because it tortiously interfered with the Agreements, which contain the forum selection clause.

Each of these reasons alone justifies and compels remand.

    A.    <u>Remand Is Appropriate Because The Forum Selection Clause Is Binding Upon E.L. Hollingsworth By Virtue Of The Improper Assignment Of The Agreements.</u>

E.L. Hollingsworth is bound by the forum selection clause because it is an improper assignee of the Agreements. In its Petition, XTRA Lease has alleged that the Agreements were assigned to E.L. Hollingsworth in two ways. First, XTRA Lease alleges that E.L. Hollingsworth purchased EJ Madison in the Spring of 2014. Pet. ¶ 10. This is considered an assignment under the Agreements. *See* Standard Terms and Conditions § 19. Second, XTRA Lease alleges that "E.L. Hollingsworth purported to assign to itself EJ Madison's right to possess and use the Equipment under the Agreements." Pet. ¶ 11. For purposes of this Motion, these allegations must be assumed to be true by the Court. *See Keenan*, 252 F. Supp.2d at 166 ("When deciding whether to remand ... district court must [ ] assume as true all factual allegations of the

6

complaint."). In either case, E.L. Hollingsworth is an improper assignee of EJ Madison's rights under the Agreements.

As an improper assignee, E.L. Hollingsworth is bound by the terms of the Agreements. According to the Agreements, "[n]otwithstanding anything to the contrary contained herein, the Lease and the Standard Terms and Conditions shall inure to the benefit and be binding upon the parties, their heirs, successors, administrators, executors *and assigns*." See ¶ 19 (emphasis added). The Lease and the Standard Terms and Conditions include the forum election clause. Accordingly, E.L. Hollingsworth is bound by the forum selection clause as an assignee of EJ Madison.

    B.    <u>The Forum Selection Clause Is Binding Upon E.L. Hollingsworth Because It Is So Closely Related To The Dispute Between EJ Madison And XTRA Lease.</u>

The forum selection clause is also binding upon E.L. Hollingsworth because it is so closely related to the dispute between EJ Madison and XTRA Lease. A third party may be bound by a forum selection clause when it is so closely related to the dispute between the two contracting parties that it is foreseeable that it will become bound by the forum selection clause. *Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001). One such instance occurs when the third party is improperly assigned rights or responsibilities under the contract containing the forum selection clause in violation of that contract. *See Gilbane Fed. v. United Infrastructure Projects FZCO*, No. 14-3254, 2014 WL 4950011, at *4 (N.D. Cal. Sept. 24, 2014). In *Gilbane Federal*, the plaintiff contracted with the defendant to build a naval base. The contract contained a clause prohibiting the defendant from assigning the rights or duties of the contract to any third parties without the written consent of the plaintiff. *Id.* at *2. Nevertheless, the defendant assigned part of the work called for under the contract to two third parties. *Id.* at *1.

The court in *Gilbane* ruled that the two third parties were bound by the forum selection clause even though they were not parties to the contract in which it was contained. *Id.* at *4. According to the court, "when the alleged conduct of the non-parties to a contract is so closely related to the contractual relationship, the forum-selection clause applies to all defendants." *Id.* Because the two third parties were performing work that was called for under the contract, they would be bound by the forum selection clause contained within that contract. The court stated that to hold otherwise would allow the defendant's improper assignment to effectively nullify the forum selection clause as to the two third parties. *Id.* This would clearly frustrate the well recognized policy of enforcing forum selection clauses. *Id.*

The same result as the one in *Gilbane* is appropriate here. XTRA Lease has alleged in its Petition that E.L. Hollingsworth, like the third parties in *Gilbane*, was improperly assigned rights under a contract to which it was not a party. Specifically, E.L. Hollingsworth was improperly assigned EJ Madison's right to use the trailers under the Agreements. *See* Pet. at ¶¶ 11-12. For purposes of this Motion, the Court must accept this allegation as true. *See Keenan*, 252 F. Supp.2d at 166. As in *Gilbane*, this assignment was done in contravention of the Agreements. As in *Gilbane*, because E.L. Hollingsworth was exercising the rights that EJ Madison had contracted for, E.L. Hollingsworth should be bound by the forum selection clause contained within the Agreements. To hold otherwise would allow the assignment to effectively nullify the forum selection clause in the Agreements. Accordingly, the forum selection clause is binding upon E.L. Hollingsworth because it was so closely related to the dispute between EJ Madison and XTRA Lease that it should have been foreseeable that it would be bound by the clause. Thus, this case should be remanded.

C. E.L. Hollingsworth Is Bound By The Forum Selection Clause By Virtue Of Its Tortious Interference With The Agreements.

Tortious interference with a contract is another situation where a third party will be bound by a forum selection clause because it is so closely related to the dispute between the two contracting parties that it is foreseeable that it will become bound by the forum selection clause. *Marano Enters. of Kan.*, 254 F.3d at 757; *TLC Vision (USA) Corp. v. Freeman*, No. 12-1855, 2013 WL 230254, at * 11 (E.D. Mo. Jan. 22, 2013); *Medtronic*, 530 F.Supp.2d at 1057. It is not necessary for the third party to be aware of the existence of the forum selection clause prior to its tortious interference with the contract in order for that third party to be bound by the forum selection clause. *TLC Vision*, 2013 WL 230254, at *11.

XTRA Lease has alleged in its contract that E.L. Hollingsworth tortiously interfered with the Agreements. *See* Pet. at ¶¶ 50-56. As mentioned previously, for purposes of this motion, the Court must accept this allegation as true. *See Keenan*, 252 F. Supp.2d at 166. Courts in this Circuit have held that a party, like E.L. Hollingsworth, that tortiously interferes with a contract that contains a forum selection clause is so closely related to the dispute between the two contracting parties that it is foreseeable that it will become bound by that forum selection clause. *See e.g.*, *TLC Vision*, 2013 WL 230254, at * 11; *Medtronic*, 530 F. Supp.2d at 1057. This fact alone is therefore sufficient to find that the forum selection clause is binding upon E.L. Hollingsworth. Accordingly, like the tortfeasors in *TLC Vision* and *Medtronic*, E.L. Hollingsworth is bound by the forum selection clause contained within the Agreements with which it tortiously interfered.

D.     <u>The Court Should Stay All Proceedings Pending Resolution Of XTRA Lease's Motion to Remand, Including E.L. Hollingsworth's Motion To Dismiss.</u>

While XTRA Lease's Motion to Remand is pending, the Court should stay all other proceedings, including consideration of and briefing on E.L. Hollingsworth's Motion to Dismiss For Improper Venue, or, in the alternative, Motion to Transfer Venue ("Motion to Dismiss"). Indeed, further briefing on the Motion to Dismiss could result in a waste of resources since it would be rendered moot if the Court grants the Motion to Remand. For this reason, this Court has routinely stayed proceedings on other motions where, as here, a motion to remand is pending. *See e.g.*, *Blake v. Career Educ. Corp.*, No. 08-821, 2008 WL 2699820, at * 1 (E.D. Mo. July 2, 2008) ("Plaintiffs argue that it would be a waste of judicial resources for the Court to rule on the pending motion to dismiss, as such a ruling would not be binding on the state court. The Court agrees, and therefore it is unnecessary for Plaintiffs to file a response to the pending motion to dismiss until such time as a ruling is made on the pending motion to remand."); *Shifrin v. Group Health Plan, Inc.*, 144 F. Supp.2d 1134, 1139-40 (E.D. Mo. 2001) (staying defendant's motion to set aside TRO and plaintiff's motion to renew or reissue TRO until such time as the Court ruled on pending motion to remand).

Should the Court be disinclined to order a stay of all proceedings pending resolution of XTRA Lease's Motion to Remand, XTRA Lease respectfully requests seven (7) days from the date of the Court's Order in which to respond to the Motion to Dismiss, consistent with the local rules.[4]

---

[4] Staying briefing and consideration of the Motion to Dismiss would not result in any prejudice to E.L. Hollingsworth. Venue is proper in this case under 28 U.S.C. § 1391(b)(1) because both defendants are considered residents of Missouri for purposes of venue. E.L. Hollingsworth's argument to the contrary has been roundly rejected by this Court as it ignores the fact that residency is defined differently for purposes of venue than it is for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1391(c)(2); *Bomkamp v. Hilton Worldwide, Inc.*, No. 13-1569, 2014

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, XTRA Lease respectfully requests that the Court grant its Motion to Remand, stay all other proceedings in this case – particularly the briefing and consideration of E.L. Hollingsworth's Motion to Dismiss, order Defendant E.L. Hollingsworth to pay XTRA Lease's attorneys' fees and costs incurred in connection with these proceedings, and award such other and further relief as the Court deems just and proper.

November 18, 2014

                                       Respectfully submitted,

                                       CARMODY MacDONALD P.C.

By:   /s/ Christopher J. Lawhorn
        Christopher J. Lawhorn, #45713MO
        Christopher P. Kellett #64655MO
        Lauren M. Wacker #62087MO
        Laura Bailey Brown #62732MO
        120 South Central Avenue, Suite 1800
        St. Louis, MO 63105
        Telephone (314) 854-8600
        Facsimile (314) 854-8660
        cjl@carmodymacdonald.com
        cpk@carmodymacdonald.com
        lnw@carmodymacdonald.com
        lbb@carmodymacdonald.com

*Attorneys for Plaintiff*

---

WL 897368, at * 6 (E.D. Mo. Mr. 6, 2014) ("If personal jurisdiction exists at the commencement of the action then venue is proper under 28 U.S.C. § 1391(b).)." Venue is proper in the Eastern District of Missouri because the Court has personal jurisdiction over EJ Madison by virtue of the forum selection clause and over E.L. Hollingsworth by virtue of the regular business activities it admits it carries on in St. Louis County. *See* Motion to Dismiss at 5 n. 1.

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 18th day of November, 2014, the foregoing was filed electronically with the Clerk of the Court, to be served by operation of the Court's CM/ECF system upon all attorneys of record.

/s/ Christopher J. Lawhorn