IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| XTRA Lease LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No.   4:14-CV-01866 |
| EJ Madison, LLC, *et al*. | ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF XTRA LEASE LLC'S OPPOSITION TO
E.L. HOLLINGSWORTH & CO.'S MOTION TO DISMISS FOR IMPROPER VENUE,
OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE AND
<u>EJ MADISON, LLC'S MOTION TO TRANSFER VENUE</u>[1]**

All parties in this case agree that this Court is not the proper venue for this action. Even E.L. Hollingsworth, who removed the case to this Court, does not believe that it should proceed here. Instead, it argues that it should be transferred or dismissed. EJ Madison also argues for the case to be transferred to a different court. However, as explained extensively in XTRA Lease LLC's ("XTRA Lease") Motion to Remand, the Circuit Court for St. Louis County is the only proper venue for this action because of a forum selection clause that is binding both Defendants. For this reason alone, Defendants' Motions should be denied.

E.L. Hollingsworth's Motion to Dismiss fails for a number of reasons aside from the existence of the forum selection clause. ***First***, E.L. Hollingsworth waived any argument that this venue is improper by voluntarily removing the case to this Court. It cannot claim that this venue

---

[1] For the sake of judicial economy, XTRA Lease is filing a combined Opposition to E.L. Hollingsworth & Co.'s ("E.L. Hollingsworth") Motion to Dismiss for Improper Venue, or, In the Alternative, Motion to Transfer Venue ("Motion to Dismiss") (Doc. Nos. 12, 13) and EJ Madison, LLC's ("EJ Madison"; collectively with E.L. Hollingsworth "Defendants") Motion to Transfer Venue (Doc. Nos. 24, 25 ("Motion to Transfer"; collectively with the Motion to Dismiss the "Motions").

is improper when it is the reason the case is here in the first place.  **Second,** E.L. Hollingsworth bases its entire argument on the wrong venue statute.  Venue of a removed case is governed by 28 U.S.C. § 1441(a), not 28 U.S.C. § 1391 as E.L. Hollingsworth claims.  Venue is clearly proper in this Court under § 1441(a).  **Third**, even if venue were governed by § 1391 as E.L. Hollingsworth claims, venue would still be proper in this Court.  E.L. Hollingsworth's argument is based on a misreading of the plain language of § 1391 and the case law interpreting it.

Both Defendants' requests to transfer this case must likewise fail.  Defendants bear the heavy burden of showing that transfer is appropriate by clear and convincing evidence, which they do not and cannot do.  Because they are bound by the forum selection clause, both Defendants have already agreed which venue is the most convenient – the Circuit Court for St. Louis County – and they are estopped from arguing otherwise.  Their arguments that another venue may be more convenient for themselves and their witnesses and that documentary evidence may be primarily located in another forum are irrelevant as a matter of law.  Finally, none of the other factors courts consider when deciding a motion to transfer favor transferring the case.  Defendants' efforts to transfer this case should therefore be rejected.

## ARGUMENT

I.  **THE MOTIONS MUST FAIL BECAUSE DEFENDANTS HAVE ALREADY WAIVED THE ARGUMENTS IN THEIR MOTIONS BY AGREEING TO THE FORUM SELECTION CLAUSE.**

Both of the Motions should be denied because the Circuit Court for St. Louis County is the only proper venue for this action.  As explained more fully in XTRA Lease's Motion to Remand, both Defendants are bound by a forum selection clause in which they agreed to "waive, to the fullest extent permitted by law, any objection to the laying of venue of any action arising out of the Lease [in the Circuit Court of St. Louis County, Missouri]."  This Court has already

2

ruled in a different case that this exact same forum selection clause is enforceable and plainly precludes a party from objecting to venue by removing a case to federal court once the suit is brought in a Missouri state court, much less trying to dismiss or transfer the case to another federal court as Defendants seek to do here. *See XTRA Lease LLC v. Century Carriers, Inc.*, No. 09-2041, 2010 WL 431787, at *1 (E.D. Mo. Feb. 2, 2010). Thus, because of the forum selection clause, both of the Defendants have already waived any objection to any venue other than the Circuit Court for St. Louis County, Missouri. Consequently, for this reason alone, Defendants' Motions, which seek to transfer this case or dismiss it outright, must fail.

**II.     E.L. HOLLINGSWORTH'S MOTION TO DISMISS MUST BE DENIED.**

E.L. Hollingsworth's Motion to Dismiss fails as a matter of law for a number of reasons aside from the fact venue is only proper in the Circuit Court of St. Louis County pursuant to the forum selection clause. The Motion to Dismiss (1) is premised upon an argument that E.L Hollingsworth has already waived; (2) misidentifies the statute which governs venue in this case; and (3) misinterprets that statute upon which it relies. As explained below, E.L. Hollingsworth cannot claim that this venue is improper when it was the party responsible for moving the case here in the first place. Moreover, in the absence of the forum selection clause, this Court would be the proper venue for this case under either the general venue statute to which E.L. Hollingsworth erroneously cites or under 28 U.S.C. § 1441, which governs venue in removed cases.

  **A.     <u>E.L. Hollingsworth Has Waived Any Argument That This Venue Is Improper</u>**

E.L. Hollingsworth's argument that this case should be dismissed for improper venue must fail because it waived this argument by removing the case to this venue. As multiple federal courts have repeatedly held, a defendant that voluntarily removes an action to federal

3

court waives any argument that that venue is improper. *See e.g.*, *Buttar v. November*, No. 10-668, 2011 WL 2375492, at *4 (W.D.N.C. June 9, 2011) ("By removing this action to the Western District of North Carolina, defendant cannot argue that such district is an improper venue."); *Bacik v. Peek*, 888 F. Supp. 1405, 1413 (N.D. Ohio 1993) ("By their voluntary application for removal, the defendants have sanctioned the propriety of venue in this district and division); *Hartford Fire Ins. Co. v. Westinghouse Elec. Corp.*, 725 F. Supp. 317, 320 (S.D. Miss. 1989) ("a defendant's voluntary application for removal confers venue over him."). This rule is merely an extension of common sense. A defendant should not be allowed to dispute the propriety of a venue that the party itself requested. Accordingly, the Motion to Dismiss should be denied.

  **B. <u>E.L. Hollingsworth Relies Upon the Wrong Venue Statute</u>**

  In its Motion, E.L. Hollingsworth claims that venue is improper in this district pursuant to § 1391(b)(2). However, this Court has repeatedly instructed that, this statute does not apply to cases, such as this one, that have been removed to federal court. *See e.g.*, *Shaffer v. Rees Masilionis Turley Architecture, LLC*, No. 14-965, 2014 WL 5320266, at *1 (E.D. Mo. Oct. 17, 2014); *Express Scripts, Inc. v. Jefferson Health Sys., Inc.*, No. 13-379, 2014 WL 793773, at *2 (E.D. Mo. Feb. 27, 2014); *Anderson v. Ames True Temper, Inc.*, No. 08-245, 2008 WL 619383, at * 1 (E.D. Mo. Mar. 4, 2008).

  Instead, § 1441(a) governs the proper venue of a case, like this one, that is removed to federal court. *Shaffer*, 2014 WL 5320255 at *1; *Express Scripts, Inc.*, 2014 WL 793773, at *2; *Anderson*, 2008 WL 619383, at *1; *see also Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-66 (1953) (The removal statute, 28 U.S.C. § 1441, and not the ordinary federal venue statute, 28 U.S.C. § 1391, governs venue in removed cases.). Pursuant to § 1441, the proper

venue of a removed action is "the district court of the United States for the district and division embracing the place where such action is pending." *Express Scripts, Inc.*, 2014 WL 793773, at *2 ("Defendants' reliance on § 1391(b), the general venue statute, is misplaced because in removed actions like this one, § 1441(a), rather than § 1391(b) sets for the proper venue for the filing of a petition for removal.").

In *Express Scripts*, the defendants removed a case from the Circuit Court of St. Louis County. They then filed a Motion to Dismiss for Improper Venue arguing that venue was improper under § 1391(b). The Court denied the Motion to Dismiss, noting that venue of a removed case is governed by § 1441(a), not § 1391(b). *Id*. Applying § 1441, the Court ruled that venue in the Eastern District of Missouri was proper because it was the "district and division embracing" St. Louis County. *Id*; *see also Becker v. Ford Motor Co.*, 07-1537, 2007 WL 4404168, at * 1 (E.D. Mo. Dec. 17, 2007) (holding "as the instant civil action was brought and pending in the Circuit Court of St. Louis County, Missouri, its removal to the Eastern District of Missouri was proper and venue appropriately lies here.").

The same conclusion is necessary in this case. As in *Express Scripts,* the Defendants here removed this case from the Circuit Court of St. Louis County. Like the defendants in *Express Scripts*, E.L. Hollingsworth filed a Motion to Dismiss for Improper Venue arguing that venue was improper under § 1391(b). Applying *Express Scripts*, E.L. Hollingsworth's Motion to Dismiss should be denied as venue is governed by § 1441(a), not § 1391(b) and is appropriate in this Court because it is the "district and division embracing" St. Louis County. E.L. Hollingsworth cannot argue otherwise and its Motion to Dismiss should be denied.

### C. Even if § 1391 Governed Venue In This Case, Venue Would Still Be Proper

Finally, even if § 1391 did govern venue in this case, as E.L. Hollingsworth claims, venue would still be proper in this Court (absent the forum selection clause). Under § 1391, venue is proper in either 1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located or 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred …" § 1391(b).[2]  E.L. Hollingsworth claims that "[B]ecause the defendants in this case are not residents of the same state," venue is only proper "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *See* Mot. to Dismiss at 4.  E.L. Hollingsworth claims that, based on the locations of their principle places of business, the residency of the members of EJ Madison, and E.L. Hollingsworth's state of incorporation, EJ Madison is a citizen of Texas and Indiana while E.L. Hollingsworth is a citizen of Michigan. *Id.* at 2.

This argument is legally flawed because E.L. Hollingsworth fails to recognize that residency is defined differently for purposes of venue than it is for purposes of diversity jurisdiction.  "Residency" for venue purposes is not limited to the state in which a corporation has its principle place of business or was incorporated.  Instead, as § 1391 makes clear, a corporate defendant "resides" in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2); *Bomkamp v. Hilton Worldwide, Inc.*, NO. 13-1569, 2014 WL 897368, at *6 (E.D. Mo. Mar. 6, 2014) (same).

---

[2] Under 28 U.S.C. § 1391(b), venue is also proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action," "if there is not district in which an action may otherwise be brought as provided for in this section." However, this provision is inapplicable in this case.

6

The venue statute thus uses personal jurisdiction as a proxy for residence. *Bomkamp*, 2014 WL 897368, at * 6. As the Eighth Circuit has explained, "If personal jurisdiction exists at the commencement of the action, then venue is proper under 28 U.S.C. § 1391(b)." *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1392 (8th Cir. 1991). It is for these reasons that federal courts have repeatedly rejected the exact argument upon which E.L. Hollingsworth bases its Motion to Dismiss. *See e.g.*, *Bomkamp*, 2014 WL 897368, at * 6; *Dellget v. Wolpoff & Abromason, L.L.P.*, No. 07-1024, 2007 WL 4142769, at * 1 (E.D. Pa. Nov. 21, 2007); *RLI Ins. Co. v. Philadelphia Indemn. Ins. Co.*, No. 04-635, 2004 WL 1562853, at * 2 (N.D. Tex. July 13, 2004); *Inset Sys., Inc. v. Instruction Set, Inc.*, 937 F. Supp. 161, 165-166 (D. Conn. 1996).

Here, both E.L. Hollingsworth and EJ Madison are "residents" of Missouri for purposes venue under § 1391 because both are subject to personal jurisdiction in Missouri. The Court has personal jurisdiction over E.L. Hollingsworth by virtue of the regular business activities it admits it carries on in St. Louis County. *See* Mot. to Dismiss at 5 n. 1. Moreover, EJ Madison contractually consented to personal jurisdiction in St. Louis County by entering into the Agreements, which contain a valid forum selection clause naming the Circuit Court of St. Louis County as the only proper forum. *See St. Paul Fire & Marine Ins. Co. v. Courtney Enters., Inc.*, 270 F.3d 621, 624 (8th Cir. 2001); *Medicine Shoppe Intern, Inc. v. TLC Pharmacy, Inc.*, No. 09-683, 2010 WL 1687881, at * 2 (E.D. Mo. Apr. 27, 2010). Neither Defendant argues that personal jurisdiction over them is lacking in this case. Thus, for all of the foregoing reasons, the Motion to Dismiss must be denied.

### III.	TRANSFER OF THIS CASE IS NOT PROPER

Both Defendants request that this case be transferred. However, their request to transfer this case, like E.L. Hollingsworth's request to dismiss this case, must fail. Defendants, as the parties requesting transfer, bear the burden of showing that transfer is appropriate and must do so by clear and convincing evidence. *See Dedic v. Price*, No. 11-430, 2011 WL 5289770, at *1 (W.D. Mo. Nov. 2, 2011). Normally, a court considering a § 1404(a) motion to transfer must evaluate and weigh both the parties' "private interests" and "public-interest considerations." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Texas*, 134 S.Ct. 568, 581 (2013).

However, when, as here, the parties have contractually agreed to a valid forum selection clause, the calculus changes. *Id.* Because a forum selection clause "represents the parties' agreement as to the most proper forum," it should be given controlling weight in all but the most exceptional cases. *Id*; *see also Union Elec. Co. v. Energy Ins. Mut. Ltd.*, No. 10-1153, 2014 WL 4450467, at * 5 (E.D. Mo. Sept. 10, 2014) (when balancing factors under § 1404, forum selection clause has "near controlling weight"). When parties agree to a forum-selection clause, as Defendants did here, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of litigation. *Id.* at 582. Whatever "inconvenience" the parties would suffer by being forced to litigate in the contractual forum as they agreed to do was clearly foreseeable at the time of contracting. *Id.*

For this reason, the Supreme Court has instructed that arguments regarding the parties' "private interests" are irrelevant. *Id.* Thus, the Court should not consider the convenience of themselves and their witnesses, the relative ease of access to sources of proof, the availability of compulsory process for attendance of the unwilling, and all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.* at 582, n.6. Consequently, Defendants'

arguments that the case should be transferred because the Western District of Texas "will likely be the most convenient forum for a substantial proportion of the relevant witnesses in the dispute" or that their "records relevant to this dispute are likely located within the Western District of Texas" are irrelevant as a matter of law and must be completely ignored. *See* Mot. to Transfer at 5-6; *see also* Mot. to Dismiss at 9-11.

Instead, the Court may only consider arguments as to whether the "public interest factors" favor transfer. Public interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at homes, and the interest in having the trial of a diversity case in a forum that is at home with the law." *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981). "[I]n almost all cases [the public interest factors] will not outweigh the forum selection clause." *Union Elec. Co.*, 2014 WL 4450467, at * 5. This case proves to be no exception to this general rule as all of these factors favor denying transfer.

First, Defendants have not argued, much less presented any evidence, that "administrative difficulties" or "court congestion" will be a significant factor if this case is not transferred. Accordingly, this factor is given no weight. *See Union Elec. Co.*, 2014 WL 4450467, at *6. Second, the local interest in having localized controversies decided at home favors neither side in this case. This case is not a "localized controversy." It involves actions taken in Texas and Michigan, which caused harm in Missouri. Moreover, it arises out of a contract XTRA Lease had with EJ Madison and "all states have an equal interest in ensuring that parties abide by their contractual agreements." *Id*. Accordingly, this factor does not favor transfer. Finally, the interest in having the trial of a diversity case in a forum that is at home with the law weighs in favor of denying transfer. The Agreements at issue are, by their own terms, governed by

9

Missouri law. Having a choice of law provision weighs in favor of having the case proceed in the state identified in that choice of law provision. *Id; Cardoni v Prosperity Bank*, No. 14-319, 2014 WL 3369334, at *8 (N.D. Okla. July 9, 2014). Because the Agreements at issue in this case are governed by Missouri law, this case should remain in Missouri and Defendants' requests to transfer it should be denied.

Even if the Court could consider the "private interests," Defendants have failed to show that the convenience of the witnesses weighs in favor of transfer at all, much less by clear and convincing evidence. In order to meet their burden, Defendants must clearly identify the key witnesses that will be called ***and*** indicate what their testimony will entail. *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 928 (W.D. Mo. 1985); *see also Am. Standard, Inc. v. Bendix Corp.*, 487 F. Supp. 254, 263 (W.D. Mo. 1980) (a description of each witness's job title, job description, relation to the parties, and the location where each witness resides does not satisfy the heavy burden). Defendants' generic statements that "the relevant individuals affiliated with Madison and Hollingsworth ***likely*** reside within the Western District of Texas" (emphasis added) does not come close to meeting their burden of establishing key witnesses by name and summarizing their expected testimony. *See* Mot. to Transfer at 6.

Moreover, Defendants have only argued that transfer would be more convenient to them and their witnesses. They have been silent as to the convenience of XTRA Lease and its witnesses. This is not sufficient to satisfy the clear and convincing evidence Defendants must provide in order to show that transfer is appropriate. Courts have routinely declined to transfer cases where doing so would merely switch the inconvenience from one party to the other. *Trident Steel Corp.*, No. 09-1332, 2009 WL 3242045 at *4 (E.D. Mo. Oct. 5, 2009) (citing *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 665 (7th Cir. 2003) ("When plaintiff and defendant are in

different states there is no forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff."). Simply stated, § 1404(a) "provides for transfer to a more convenient forum, **not to a forum likely to prove equally convenient or inconvenient**." *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964) (emphasis added). Moreover, as stated by the court in *Nat'l Presto*, if both forums are equally inconvenient to the other party, "the tie is awarded to the plaintiff" – in this case, XTRA Lease. 347 F.3d at 665. At best, transferring the case would merely shift the burdens of litigating in a particular forum from Defendants to XTRA Lease, a clearly improper result. *See Lawson Screen Prods., Inc. v. Nor-Cote Int'l, Inc.*, No. 10-1179, 2010 WL 4780469, at *1 (E.D. Mo. Nov. 17, 2010) ("Merely shifting the burden of inconvenience and cost from one party to another is not a sufficient reason to grant a transfer").

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, XTRA Lease respectfully requests that the Court deny E.L. Hollingsworth's Motion to Dismiss; deny EJ Madison's Motion to Transfer; order Defendants to pay XTRA Lease's attorneys' fees and costs incurred in connection with these proceedings, and award such other and further relief as the Court deems just and proper.

May 26, 2015

        Respectfully submitted,

        CARMODY MacDONALD P.C.


        By:    /s/ Christopher J. Lawhorn
                Christopher J. Lawhorn, #45713MO
                Christopher P. Kellett #64655MO
                Lauren M. Wacker #62087MO
                120 South Central Avenue, Suite 1800
                St. Louis, MO 63105
                Telephone (314) 854-8600
                Facsimile (314) 854-8660
                cjl@carmodymacdonald.com
                cpk@carmodymacdonald.com
                lnw@carmodymacdonald.com

        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 26th day of May, 2015, the foregoing was filed electronically with the Clerk of the Court, to be served by operation of the Court's CM/ECF system upon all attorneys of record.

        /s/ Christopher J. Lawhorn