UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| XTRA LEASE LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14CV1866 RLW |
| ) | |
| EJ MADISON, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff XTRA Lease LLC's Motion to Remand and to Stay all Proceedings Pending Resolution of the Motion to Remand (ECF No. 14). Also pending are Defendant E.L. Hollingsworth & Co.'s Motion to Dismiss for Improper Venue, or, in the Alternative, Motion to Transfer Venue (ECF No. 12) and Defendant EJ Madison, LLC's Motion to Transfer Venue (ECF No. 24). The motions are fully briefed and ready for disposition. Upon review of the motions and related memoranda, the Court will grant Plaintiff's Motion to Remand and deny Defendants' motions.

## I. Background

Viewing the facts in the light most favorable to the non-moving party, the Court sets forth the following facts:[1]

---

[1] The parties dispute whether this Court must resolve all facts and ambiguities in the Plaintiff's favor as is required in fraudulent joinder cases. In determining motions to remand, "the Court construes all reasonable inferences from [the facts in the complaint] in the light most favorable to Plaintiff, the complainant and the party seeking remand." *Maxwell v. Sassy, Inc.*, Civil No. 11-1354 (DWF/JSM), 2011 WL 5837941, at *3 (D. Minn. Nov. 21, 2011) (citation omitted). However, the Court need not accept as true conclusory allegations or legal conclusions drawn by the pleader. *Id.* (citations omitted). "The basis for federal jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint." *Conard v. Rothman Furniture Stores, Inc.*,

XTRA Lease LLC ("XTRA Lease"), a Delaware corporation with its principal place of business in St. Louis, Missouri, rents and leases trailers to various companies. (Pet. ¶¶ 1, 6, ECF No. 4) XTRA Lease and Defendant EJ Madison, LLC ("EJ Madison") entered into at least one Equipment Lease Agreement and one Equipment Rental Agreement, wherein XTRA Lease agreed to rent trailers to EJ Madison in exchange for a promise to pay rental and other charges in accordance with the terms of the Agreements. (*Id.* at ¶¶ 5-7) However, XTRA Lease contends that EJ Madison failed to make such payments. (*Id.* at ¶ 9)

XTRA Lease further avers that, upon information and belief, Defendant E.L. Hollingsworth & Co. ("Hollingsworth") purchased EJ Madison in 2014 and purported to assign itself EJ Madison's right to possess and use the equipment, as well as use the equipment in the course of business. (*Id.* at ¶¶ 10-12) The Agreement provided that any right or interest in the equipment may not be assigned without prior written consent of XTRA Lease and that an assignment occurs where there is a change in the control of the Lessee. (*Id.* at ¶¶ 14-15) XTRA Lease never gave written consent or authorization for Hollingsworth to use the equipment. (*Id.* at ¶¶ 16-17) EJ Madison defaulted on its obligations, and XTRA Lease demanded the immediate return of the equipment pursuant to the Agreement provisions. (*Id.* at ¶¶ 18-21) At the time XTRA Lease filed its Petition in state court, EJ Madison and/or Hollingsworth still possessed 18 trailers. (*Id.* at ¶¶ 22-25)

On September 25, 2014, XTRA Lease filed a Petition in the Circuit Court of St. Louis County, Missouri, alleging Breach of Contract against Defendant EJ Madison (Count I); Action on Account against Defendant EJ Madison (Count II); Conversion against Hollingsworth (Count III); Unjust Enrichment against Hollingsworth (Count IV); Tortious Interference against

---

No. 4:09CV2059 TIA, 2010 WL 2835565, at *2 (E.D. Mo. July 16, 2010) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386. 392 (1987)).

Hollingsworth (Count V); for Injunctive Relief against both Defendants (Count VI); or alternatively for Replevin against both Defendants (Count VII). On November 11, 2014, Defendant Hollingsworth filed a Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer Venue. Defendant EJ Madison filed a similar Motion to Transfer Venue on December 15, 2014. Plaintiff filed a Motion to Remand and Stay all Proceedings Pending Resolution of the Motion to Remand on November 18, 2014. Because all three motions pertain to the proper venue in this case, the Court will address each of the motions.

## II. Discussion

### A. Plaintiff's Motion to Remand

In addressing a motion to remand based on a forum selection clause, "it is settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a given court . . . ." *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315-16 (1964). "Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." *M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 752 (8th Cir. 1999) (citation omitted). Further, "the party resisting enforcement of the clause bears a heavy burden in convincing the Court that it should not be held to its bargain." *Midwest Mech. Contractors, Inc. v. Tampa Constructors, Inc.*, 659 F. Supp. 526, 530 (W.D. Mo. 1987) (citation omitted). "[M]ere 'inconvenience to a party is an insufficient basis to defeat an otherwise enforceable forum selection clause.'" *Servewell Plumbing, LLC v. Fed. Ins. Co.*, 429 F.3d 786, 790 (8th Cir. 2006) (citing *M.B. Rests.*, 183 F.3d at 753).

At the outset, the Court finds that the choice of law provision contained in the agreement is valid and obligates XTRA Lease and EJ Madison to adjudicate this action in the Circuit Court of St. Louis County. *See Xtra Lease LLC v. Century Carriers, Inc.*, No. 4:09CV2041, 2010 WL

431787 (remanding XTRA Lease's lawsuit to the Circuit Court of St. Louis County pursuant to a forum selection clause identical to the clause in the present case). Indeed, EJ Madison does not argue that the forum selection clause is invalid, but merely asserts that interests of justice compel transfer to the Western District of Texas.

The issue now before the Court is whether Defendant Hollingsworth is bound by the forum selection clause as well, as an assignee to the contract or by virtue of a close relationship. When the alleged conduct of a non-party to a contract is so closely related to the contractual relationship, the forum selection clause applies to all defendants. *Gilbane Fed. v. United Infrastructure Projects FZCO*, Case No. 14-cv-03254-VC, 2014 WL 4950011, at *4 (N.D. Cal. Sept. 24, 2014); *see also Marano Enters. of Kansas v. Z-Teca Rest., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001) (finding a party closely related to the disputes arising out of the agreements was properly bound by the forum selection provisions).

Here, the Court finds that Plaintiff has sufficiently pled a close relationship by virtue of Hollingsworth's alleged acquisition of EJ Madison in the Spring of 2014. According to the Complaint, Hollingsworth purchased EJ Madison and then assigned to itself EJ Madison's right to possess and use the equipment under the agreements. (Pet. ¶¶ 10-17, ECF No. 4) In its Motion to Remand, Plaintiff asserts that this constitutes a close relationship sufficient to bind Hollingsworth to the terms of the Agreement, including the forum selection clause. Hollingsworth argues that it is not bound to the terms and conditions of the contract between Plaintiff and EJ Madison because the Court need not accept Plaintiff's allegations as true, and Plaintiff has failed to provide evidence supporting its contention of a close relationship. However, viewing the facts in the light most favorable to the Plaintiff, Hollingsworth possessed and used Plaintiff's equipment as a result of Hollingsworth's acquisition of EJ Madison. The

Standard Terms and Conditions state that a change in control of lessee's business by, *inter alia*, merger or sale constitutes an assignment of the lease. (Pet. ¶ 15, ECF No. 4; Standard Terms and Conditions § 19, ECF No. 1-4 p. 50) Further, "[n]otwithstanding anything to the contrary contained herein, the Lease and the Standard Terms and Conditions shall inure to the benefit and be binding upon the parties, their heirs, successors, administrators, executors, and assigns." (Standard Terms and Conditions § 19, ECF No. 1-4 p. 52) The terms and conditions that Plaintiff seeks to enforce states that "Lessee and XTRA Lease each herby submit to the jurisdiction of the Circuit Court of St. Louis County, Missouri for purposes of adjudicating any action arising out of or related to the Lease . . . ." (*Id.* at § 31)

The Court finds that Plaintiff's allegations of EJ Madison's assignment of the lease to Hollingsworth stemming from the purchase of the business, as well as Hollingsworth's use of the equipment, is sufficient to bind Hollingsworth to the Standard Terms and Conditions, including the choice of law provision. As stated above, "a third party may be bound by a forum selection clause where it is so closely related to the dispute such that it becomes foreseeable that it will be bound." *TLC Vision (USA) Corp. v. Freeman*, No. 4:12CV01855ERW, 2013 WL 230254, at *11 (E.D. Mo. Jan. 22, 2013) (citation omitted). In making this determination, the inquiry is "whether, 'the third party reasonably [should] foresee being bound by the forum selection clause because of its relationships to the cause of action and the signatory to the forum selection clause.'" *Id.* (quoting *Meditronic, Inc. v. Endologix, Inc.*, 530 F. Supp. 2d 1054, 1057 (D. Minn. 2008)). Other than the general denials contained in the Answer, Hollingsworth does not deny the allegations that it purchased EJ Madison and used the equipment at issue. Indeed, Hollingsworth's motion to dismiss is based on improper venue under Rule 12(b)(3), not failure to state a claim under Rule 12(b)(6). In its response, Hollingsworth asserts that Plaintiff has not

5

provided sufficient evidence of a close relationship. However, Plaintiff need not prove the close relationship. Viewing the facts in the light most favorable to the Plaintiff, the Court finds that Plaintiff has sufficiently pled the requisite relationship. Use of the equipment leased by EJ Madison would allow a third person to foresee being bound by the forum selection clause. Although Hollingsworth argues that a motion to remand is not the proper vehicle for enforcing a forum selection clause, a district court may "'remand a removed case when appropriate to enforce a forum selection clause.'" *RK Dixon Co. v. Dealer Marketing Servs., Inc.*, 284 F. Supp. 2d 1204, 1208 (S.D. Iowa 2003) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1263 n. 26 (11th Cir. 1999)). Thus, the Court finds that remand to the Circuit Court of St. Louis County, as provided in the choice of law section of XTRA Lease's Standard Terms and Conditions.

The Court also notes that Plaintiff has asked that Hollingsworth pay Plaintiff's attorney's fees and costs incurred in connection with removal and motion to remand. Here, the Court finds that it would be inequitable to award costs under 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Convent Corp. v. City of North Little Rock, AR*, 784 F.3d 479, 483 (8th Cir. 2015). In exercising discretion to award attorney's fees, "courts also weigh the statutory objective of providing a federal forum against the interest of avoiding removals sought solely for the purpose of prolonging litigation." *General Credit Acceptance, Co., LLC v. Deaver*, No. 4:13CV00524, 2013 WL 2420392, at *6 (E.D. Mo. June 3, 2013) (citation omitted). The Court finds that costs and fees are inappropriate because Hollingsworth had an objectively reasonable basis to remove the case, especially in light of its argument that the forum selection clause did not apply to Hollingsworth. *Id.*

### B. Hollingsworth's Motion to Dismiss under Rule 12(b)(3)

Next, Hollingsworth moves to dismiss this case for improper venue under Fed. R. Civ. P. 12(b)(3). Hollingsworth contends that the case should have been brought in Texas, where EJ Madison stored the rented equipment, and where the actions alleged in Plaintiff's Petition occurred. "A defendant moving to dismiss under Fed. R. Civ. P. 12(b)(3), must demonstrate that the plaintiff's choice of venue is improper." *Mounger Constr., LLC v. Fibervision Cable Servs., LLC*, No. 2:11CV00081 ERW, 2012 WL 4793764, at *3 (E.D. Mo. Oct. 9, 2012) (citing Fed. R. Civ. P. 12(b)(3)). The moving party makes this showing by submitting affidavits or other supporting evidence. *Id.* (citing *Webb Candy, Inc. v. Walmart Stores, Inc.*, No. 09-CV02056 (PJS/JJK), 2010 WL 2301461, at *4 (D. Minn. June 7, 2010)). "[F]orum selection clauses 'are prima facie valid' and should be specifically enforced unless the resisting party shows that enforcement would be unreasonable and unjust, or that the clause is invalid for such reasons as fraud or overreaching." *Id.* (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 15 (1972)). A party can avoid the enforcement of a forum selection clause by demonstrating that proceeding in the selected forum would be "so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Union Elec. Co. v. Energy Ins. Mut. Ltd.*, 689 F.3d 968, 974 (8th Cir. 2012) (quoting *Dominium Austin Partners, LLC v. Emerson*, 248 F.3d 720, 727 (8th Cir. 2001) (internal quotations and citation omitted).

Here, however, the Court has determined that Plaintiff has sufficiently alleged that Hollingsworth is an assignee of EJ Madison and is bound by the forum selection clause. Further, while Hollingsworth argues that the venue is inconvenient, it has not argued, nor shown, that litigating the case in Missouri is so difficult and inconvenient that Hollingsworth would be deprived of its day in court. "'[M]ere inconvenience to a party is an insufficient basis to defeat

7

an otherwise enforceable forum selection clause.'" *Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 539 (8th Cir. 2009) (quoting *Servewell Plumbing, LLC v. Federal Ins. Co.*, 439 F.3d 786, 790 (8th Cir. 2006)). Thus, the Court finds that dismissal under Rule 12(b)(3) is not warranted, and the Court will deny Hollingsworth's Motion to Dismiss.

### C. Hollingsworth's and EJ Madison's Motion to Transfer

Last, both Hollingsworth and EJ Madison argue that, even if the Court finds that forum selection clause valid and enforceable, the Court should nonetheless transfer the case to the Western District of Texas, as the most convenient forum. Under 28 U.S.C. § 1404(a), a federal district court may transfer a case to another district where the action might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." The determination of whether a case should be transferred requires "a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997) (citation omitted). "[A] valid and applicable forum selection clause in a contract is 'a significant factor that figures centrally in the district court's calculus.'" *Id.* (quoting *Steward Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Federal courts give substantial deference to a plaintiff's forum choice and the party seeking a § 1404(a) transfer "typically bears the burden of proving that a transfer is warranted." *Id.* at 695. Further, the United States Supreme Court has found that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*" which Congress codified in § 1404(a). *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 580 (2013). Thus, "courts should evaluate a forum-selection clause pointing to a non-federal forum in the same way they evaluate a forum-selection clause pointing to a federal forum." *Id.* (citation omitted).

8

Here, the Court has determined that the parties' forum selection clause choosing to litigate any disputes in the Circuit Court of St. Louis County covers this action. However, this finding does not end the analysis. *Union Elec. Co. v. Energy Ins. Mut. Ltd.*, No. 4:10-CV-1153 (CEJ), 2014 WL 44504667, at *5 (E.D. Mo. Sept. 10, 2014). Looking at the public interest factors, the Court finds that transfer to the Western District of Texas is not warranted.

At the outset, the interests of justice weigh in favor of litigating this action in St. Louis County, the chosen forum. As stated by the United States Supreme Court:

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain.

*Atlantic Marine*, 134 S. Ct. at 583. Where, as here, a valid forum selection clause exists, courts consider only public-interest factors, not private interest factors. *Id.* at 582. "Public interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial . . . in a forum that is at home with the law.'" *Id.* at 581 n. 6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981)).

With regard to administrative difficulties flowing from court congestion, Defendants' arguments erroneously assume that the Court would not find that the forum selection of the Circuit Court of St. Louis County is valid. Thus, Defendants do not address whether administrative difficulties or court congestion will be a significant factor, and this factor is given no weight. *Union Elec.,* 2014 WL 4450467, at *6. Further, Plaintiff correctly states that all of the states represented in this matter, Missouri, Texas, and Michigan, have an equal interest in

9

ensuring that the parties abide by their contractual agreements. *Id.* Finally, the Agreements that are the subject of this cause of action are governed by Missouri law, which favors adjudication in Missouri. *See Id.* at *6 (noting that the parties' choice of law agreement that New York law would apply to the dispute weighed in favor of transferring the case to New York).

While not obligated to discuss private interest factors, the Court notes that both Defendants argue that the Western District of Texas is the most convenient forum for the parties and the witnesses. Defendants contend that they have physical operations located in the Western District of Texas, and the alleged wrongful activities occurred in Texas. Defendants also assert that this case would be more convenient for the witnesses, as the relevant witnesses, documents, and evidence are located within the Western District of Texas. Plaintiff, a Missouri resident, correctly asserts, however, that "[m]erely shifting the inconvenience from one side to the other . . . is not a permissible justification for a change of venue." *Terra Int'l*, 119 F.3d at 696-97 (internal quotation omitted). Thus, the Court finds that private interest considerations do not warrant transfer to Texas.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff XTRA Lease LLC's Motion to Remand (ECF No. 14) is **GRANTED**. This matter shall be remanded to the Twenty-First Circuit Court, St. Louis County, Missouri.

**IT IS FURTHER ORDERED** that Defendant E.L. Hollingsworth & Co.'s Motion to Dismiss for Improper Venue, or, in the Alternative, Motion to Transfer Venue (ECF No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant EJ Madison, LLC's Motion to Transfer Venue (ECF No. 24) is **DENIED.**

Dated this 12th day of June, 2015.

*Ronnie L. White*
**RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE**